```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION
```

James W. Ballinger,           )
                              )
            Plaintiff,        ) Case No. 1:10-CV-857
                              )
    vs.                       )
                              )
Mark Yurick, et al.,          )
                              )
            Defendants.       )

O R D E R

This matter is before the Court on the motion to dismiss filed by the Warren County Humane Association, et al. (Doc. No. 17), Magistrate Judge Litkovitz's Report and Recommendation of July 8, 2011 (Doc. No. 24) recommending that Plaintiff's claims be dismissed for failure to prosecute, and Plaintiff's objections to the Report and Recommendation (Doc. No. 26).  For the reasons that follow, Plaintiff's objections are not well-taken and are **OVERRULED.**  While the Court appreciates Magistrate Judge Litkovitz's failure to prosecute analysis, the Court finds that the complaint is frivolous on its face and subject to dismissal on that basis alone.  Moreover, the complaint fails to allege any plausible claim for relief against the moving Defendants.  Accordingly, to the extent the Magistrate Judge recommended that the complaint be dismissed and the case terminated on the docket of the Court, the Report and Recommendation is **ADOPTED.**  Defendants' motion to dismiss is

well-taken and is **GRANTED**.  The complaint is **DISMISSED WITH PREJUDICE.**

Orders issued by the Court normally begin with at least a brief statement of the facts and claims in the case.  In this instance, however, having read Plaintiff's pro se pleadings, the Court has no idea what this case is supposed to be about.  Plaintiff's original complaint sued Mark Yurick, the city attorney for the City of Lebanon, the City of Lebanon, and other employees of the City of Lebanon, apparently over denying Plaintiff permission to erect a wind-powered electric generator.  There may also be an issue whether Plaintiff properly filed his city income taxes.  In any event, he claims a federal due process violation in the original complaint.

Plaintiff then filed an amended complaint (Doc. No. 5) which again mentions the wind generator and adds as defendants the Warren County Humane Socieity, the Director of the Humane Society, the Dog Warden and all Deputy Dog Wardens.  There is a caption that states "CLASS ACTION: Humane Societies Killing and Disposing of Pets Under Color of State Law" which in turn cites an article from the New York Times entitled "Hero Dog Killed by Mistake."  Those are the only "facts" concerning the Humane Society defendants.  The amended complaint then repeats verbatim the wind generator allegations and the assertion of a due process violation.  Plaintiff's subsequent pleadings (Doc. Nos. 26 & 27)

suggest that he may have been cited for violating the local zoning ordinance with respect the color of the columns on his house and complains that the county municipal court would not transfer its case to federal court.

The Humane Society Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the complaint fails to allege any plausible claims for relief against them. Magistrate Litkovitz recommended that Plaintiff's claims against these Defendants be dismissed with prejudice for failure to prosecute after he failed to file a memorandum in opposition to the motion to dismiss. As the Court's summary of the case indicates, Plaintiff's objections to the Report and Recommendation do nothing to enhance the clarity of his claims in this case.

Plaintiff's claims in this case are incomprehensible, and, therefore, are utterly frivolous. Consequently, the Court would be empowered to dismiss the complaint sua sponte for lack of subject matter jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("A district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."). Nevertheless, as the

Defendants correctly argue in their motion to dismiss, Plaintiff's amended complaint fails to allege <u>any</u> facts demonstrating a plausible claim for relief against them. Therefore, Defendants are entitled to dismissal of the complaint pursuant to <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).

       Accordingly, Defendants' motion to dismiss is well-taken and is **GRANTED.** The complaint is **DISMISSED WITH PREJUDICE. THIS CASE IS CLOSED ON THE DOCKET OF THE COURT.**[1]

       **IT IS SO ORDERED**

Date July 26, 2011             s/Sandra S. Beckwith
                                                      Sandra S. Beckwith
                                 Senior United States District Judge

---

[1] A prior order of the Court dismissed the claims against the City of Lebanon employees. <u>See</u> Doc. No. 22.